UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIE POITRA,

    Plaintiff,

-v-

MICHIGAN STATE UNIVERSITY,
MICHIGAN STATE UNIVERSITY BOARD
OF TRUSTEES; SAMUEL L. STANLEY, JR.;
SATISH UDPA; LOU ANNA K. SIMON;
JOHN M. ENGLER; RONALD L. HENDRICK:
ROBERT KENT; TANYA JACHIMIAK;
JOHN NORDER; and QUENTIN TYLER;
in their official and individual capacities,

    Defendants.

Case No. 22-CV-00047

Hon. Jane M. Beckering

**BRIEF IN SUPPORT OF DEFENDANT JOHN M. ENGLER'S MOTION TO DISMISS PLAINTIFF CHRISTIE POITRA'S FIRST AMENDED COMPLAINT AND JOINDER IN MSU DEFENDANTS' MOTION TO DISMISS (ECF NOS. 17–18)**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED..................................................................................III

INDEX OF AUTHORITIES.........................................................................................................II

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF FACTS ...................................................................................................1

    A. Engler Incorporates the Statement of the Facts Contained in the MSU Defendants' Motion to Dismiss ..................................................................................1

    B. Plaintiff's Allegations Concerning Engler...............................................................2

III. ARGUMENT........................................................................................................................3

    A. All of Plaintiff's Claims against Engler are Time-Barred and Should be Dismissed for that Reason Alone..............................................................................3

    B. Plaintiff's § 1983 Claims Fail. ..................................................................................4

    C. Plaintiff Fails to State a Claim of Discrimination or Retaliation. ............................6

    D. This Court Should Strike Paragraphs 387-475 of the Amended Complaint............6

IV. CONCLUSION.....................................................................................................................6

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 4

*Bachman v. Swan Harbour Assoc.*, 653 N.W.2d 415 (2002) ....................................................... 6

*Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556 (6th Cir. 2011) ............................................. 5

*Kentucky v. Graham*, 473 U.S. 159 (1985) ................................................................................. 2

*Lanman v. Hinson*, 529 F.3d 673 (6th Cir. 2008) ....................................................................... 5

*Lewis v. Clarke*, 137 S. Ct. 1285 (2017) ..................................................................................... 2

*Mitan v. Neiman Marcus*, 613 N.W.2d 415 (2000) .................................................................... 6

*Rapp v. Putnam*, 644 F. App'x 621 (6th Cir. 2016) .................................................................... 4

*Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001) ............................................................................. 4

*Stoudemire v. Mich. Dept. of Corr.*, 705 F.3d 560 (6th Cir. 2013) ............................................... 5

**Statutes**

42 U.S.C. § 1983 ................................................................................................................. passim

MCL 37.1101 .............................................................................................................................. 1

MCL 37.2202 .............................................................................................................................. 1

MCL 600.5805(1) ....................................................................................................................... 4

MCL 600.6542 ............................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 4

Fed. R. Civ. P. 25(d) ................................................................................................................... 2

## STATEMENT OF ISSUES PRESENTED

1. Whether all of Plaintiff's claims against Engler in the First Amended Complaint should be dismissed because they are time-barred by the applicable limitations periods.

2. Whether Plaintiff's § 1983 claims against Engler should be dismissed where (a) qualified immunity bars Plaintiff's claims against Engler; (b) Plaintiff cannot identify any deprivation of her bodily integrity; (c) Plaintiff cannot establish any property interest right to her reputation or advancement in her career of which she was deprived; (d) Plaintiff has not identified any right for which process was due, and even if she did, she was provided ample procedural due process; and (e) Plaintiff fails to plead the essential elements of an equal protection claim because she has not demonstrated that she was treated differently than a similarly-situated individual outside her protected class.

3. Whether Plaintiff's state law discrimination and retaliation claims against Engler should be dismissed where (a) Plaintiff does not plausibly plead that she suffered an adverse employment action; (b) Plaintiff has not alleged any disparate treatment compared to a similarly-situated individual; and (c) Plaintiff does not allege that Engler knew about any of her purported protected activities or her disability.

4. Whether this Court should strike Paragraphs 389 through 476 of the Amended Complaint where those allegations have no bearing on the subject matter of this litigation.

## I.  INTRODUCTION

Defendant John M. Engler's ("Engler") name appears only six times in Plaintiff Christie Poitra's ("Plaintiff") 629 paragraph First Amended Complaint.  Indeed, Plaintiff has exactly **_one_** factual allegation against Engler -- that he was Interim President of MSU between January 31, 2018 and January 17, 2019, and that, by virtue of that position he "was responsible for oversight of the university and ensuring that the university complied with its legal obligations.  (1st Am. Compl., ECF No. 14, ¶¶ 15–16, 568, 580.)

According to Plaintiff, this alone is sufficient to state claims against him under 42 U.S.C. § 1983 ("§ 1983"), the Elliott-Larsen Civil Rights Act, MCL 37.2202 *et seq.* ("ELCRA"), and the Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq.* ("PWDCRA").  Plaintiff is sorely mistaken.  As set forth in the MSU Defendants' Motion to Dismiss, all of Plaintiff's claims against Engler should be dismissed in their entirety

To that end, Engler hereby moves this Court for an order dismissing all of Plaintiff's claims against him, as alleged in her First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  In support of his motion, Engler hereby adopts, incorporates, and relies upon the MSU Defendants' Motion to Dismiss (ECF No. 17) and its accompanying brief (ECF No. 18) (together, the "MSU Defendants' Motion to Dismiss").

## II.  STATEMENT OF FACTS

### A. Engler Incorporates the Statement of the Facts Contained in the MSU Defendants' Motion to Dismiss

Engler incorporates as if fully set forth herein the Statement of the Facts contained in the MSU Defendants' Motion to Dismiss.  (*See* ECF No. 18, PageID.225–230.)

1

### B. Plaintiff's Allegations Concerning Engler

Plaintiff alleges that Engler was Interim President of MSU between January 31, 2018 and January 17, 2019, and that, by virtue of that position worked in his official capacity as agent and/or employee of MSU and "act[ed] or fail[ed] to act within the scope, course, and authority of his employment and his employer." (1st Am. Compl., ECF No. 14, ¶¶ 15–16.) Other than this, Plaintiff does not set forth *any* factual allegations concerning Engler.

According to Plaintiff, as MSU President, Engler was "responsible for oversight of the university and ensuring that the university complied with its legal obligations." (*Id.* ¶ 568, 580.) Based exclusively on this, Plaintiff brings four claims against Engler in his individual capacity:[1]

---

[1] Although in her case caption Plaintiff purportedly sues Engler in both his official and individual capacity, her claims against Engler as pled are only properly understood as against him in his *individual capacity*. Counts IX and X expressly state that they are brought in his individual capacity. As to Counts XI and XII, Plaintiff does not specify whether these claims are against Engler in his individual or official capacity, or both; however, any official capacity claim against Engler as to these counts would be pointless and merely duplicative.

Under Fed. R. Civ. P. 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." To that end, "[l]ater proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." *Id.* Hence, any suit against Engler in his *official capacity* as MSU President is in actuality a claim against *the MSU President.* The current MSU President would automatically take Engler's place for purposes of an *official capacity* claim against Engler. Here, the current MSU President is already a defendant in these counts.

Moreover, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity[,]" and an official sued in his official capacity "has no personal stake in the outcome of the litigation[.]" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official. . . The real party in interest is the government entity, not the named official."). An official capacity claim against Engler is in reality a claim against MSU. Once again, MSU is already a defendant in these counts.

In this context, an official capacity claim against Engler himself makes no sense. Any official capacity claim against Engler would be simply duplicative and irrelevant. However, if the Court concludes that Plaintiff alleges cognizable official capacity claims against *Engler* (as distinct from the MSU President and MSU) in Counts XI and XII, Engler preserves his right to raise absolute, sovereign, or Eleventh Amendment immunity defenses.

>    (1) Count IX – denial of substantive and procedural due process in violation of § 1983, the Fifth Amendment, and the Fourteenth Amendment (*Id.* ¶¶ 564–575);
>
>    (2) Count X – denial of equal protection in violation of § 1983 and the Fourteenth Amendment (*Id.* ¶¶ 576–599);
>
>    (3) Count XI – sex discrimination and retaliation in violation of the ELCRA (*Id.* ¶¶ 600–612);
>
>    (4) Count XII – disability discrimination and retaliation in violation of the PWDCRA (*Id.* ¶¶ 613–627).

Plaintiff has **_one_** allegation related to Engler in support of her Counts IX and X:

>    As MSU Presidents, Simon, Engler, Udpa, and Stanley were responsible for oversight of the university and ensuring that the university complied with its legal obligations.

(*Id.* ¶¶ 568, 580.)

Plaintiff has **_zero_** allegations connected with Engler in support of her Counts XI and XII.

By the time Plaintiff became Interim Director of the NIA on February 28, 2019, Engler had already left MSU. (*Id.* ¶¶ 15, 266.)  OIE noticed the investigation hearing over six months after Engler ceased being Interim President; the evidentiary hearing occurred more than a year after his departure. (*Id.* ¶¶ 15, 196, 198, 202.)

### III.    ARGUMENT

The First Amended Complaint should be dismissed for the reasons set forth in the MSU Defendants' Motion to Dismiss, which Engler incorporates as if fully set forth herein.

### A. All of Plaintiff's Claims against Engler are Time-Barred and Should be Dismissed for that Reason Alone.

**_All_** of Plaintiff's claims against Engler are time-barred and should be dismissed for that reason alone.  As set forth in the MSU Defendants' Motion to Dismiss, Plaintiff's ELCRA, PWDCRA, and § 1983 claims are time-barred for any conduct that occurred prior to the applicable three-year statute of limitations period. (ECF No. 18, PageID.223, 232 (citing MCL

600.5805(1); MCL 600.6542; and *Rapp v. Putnam*, 644 F. App'x 621, 625 (6th Cir. 2016) (§ 1983)).) As the MSU Defendants explained, Plaintiff's § 1983, ELCRA, and PWDCRA claims are all untimely to the extent the injury giving rise to the claim accrued prior to January **19**, 2019. (*Id.* (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (claims accrues and limitations period begins to run when plaintiff knew or should have known of injury giving rise to cause of action).)

For Engler, this means that **all** of Plaintiff's claims against him are completely time-barred. Engler ceased being Interim President on January **17**, 2019. (ECF No. 14, ¶ 15.) Plaintiff's claims against Engler are based solely on his position as Interim President. (*See Id.* ¶¶ 15–16, 568, 580.) Hence, **no** claims against Engler can be based on incidents or conduct occurring after January 17, 2019. Since any § 1983, ELCRA, or PWDCRA claims that accrued before January 19, 2019 are time-barred, it is impossible for any such claim **against Engler** to fall within the statute of limitations. Without question, all of Plaintiff's claims against Engler are time-barred. and should be dismissed.

### B. Plaintiff's § 1983 Claims Fail.

Even if Plaintiff's two § 1983 claims against Engler were not completely time-barred by their three-year limitations period, which they are, both of these claims still fail and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in the MSU Defendants' Motion to Dismiss, qualified immunity bars the claim against the individual defendants – including Engler. (ECF No. 18, PageID.223, 240–241 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (§ 1983 plaintiff "must plead each Government-official defendant, through the official's own individual actions, has violated the Constitution," or else defendant is granted qualified immunity).)

Fatally, Plaintiff fails to assert any individualized conduct by Engler whatsoever, let alone any conduct violating a clearly-established constitutional right. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (plaintiff must "allege, with particularity facts that demonstrate what each defendant did to violate the asserted constitutional right"); *Stoudemire v. Mich. Dept. of Corr.*, 705 F.3d 560, 570 (6th Cir. 2013) ("qualified immunity must be assessed in the context of each individual's specific conduct"); *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (blanket acts alleged against all defendants are insufficient to defeat qualified immunity). Thus, even if Plaintiff's two § 1983 claims against Engler were not *time*-barred, they are barred by qualified immunity; Plaintiff has not alleged any fact that establishes that his conduct violated a clearly-established constitutional right.

Additionally, as the MSU Defendants demonstrated, Plaintiff cannot identify any deprivation of her bodily integrity. (ECF No. 18, PageID.244.) Further, Plaintiff cannot establish any property interest right to her reputation or advancement in her career of which she was deprived. (*Id.* PageID.244–245.)

Moreover, Plaintiff has not identified any right for which process was due, and even if she did, she was provided ample procedural due process. (*Id.* PageID.245–247.) Finally, Plaintiff fails to plead the essential elements of an equal protection claim because she has not demonstrated that she was treated differently than a similarly-situated individual outside her protected class. (*Id.* PageID.247.) For all of these reasons, and as set forth more fully in the MSU Defendants' Motion to Dismiss, both of Plaintiff's § 1983 claims against Engler should be dismissed.

### C. Plaintiff Fails to State a Claim of Discrimination or Retaliation.[2]

Plaintiff's state law discrimination claims fail as to all Defendants – including Engler – and should be dismissed because, they are time-barred, because Plaintiff does not plausibly plead that she suffered an adverse employment action, and because she has not alleged any disparate treatment compared to a similarly-situated individual. (*See* ECF No. 18, PageID.224, 248–251.).

Her ELCRA and PWDCRA retaliation claims likewise fail. Plaintiff does not allege that Engler knew about any of her purported protected activities or her disability at all. As a result, she utterly fails to state a *prima facie* case of retaliation against Engler. (ECF No. 18, PageID.251–252 (citing *Bachman v. Swan Harbour Assoc.*, 653 N.W.2d 415 (2002) and *Mitan v. Neiman Marcus*, 613 N.W.2d 415, 416 (2000)).)

Therefore, even if Plaintiff's ELCRA and PWDCRA claims against Engler were not time-barred, which they are, Plaintiff still fails to state of claim of discrimination or retaliation under either statute.

### D. This Court Should Strike Paragraphs 387-475 of the Amended Complaint.

For the reasons set forth in the MSU Defendants' Motion to Dismiss, this Court should strike Paragraphs 387-475 of the Amended Complaint. (ECF No. 18, PageID.253.).

### IV. <u>CONCLUSION</u>

For all of these reasons, and as set forth in greater detail in the MSU Defendants' Motion to Dismiss, all of Plaintiff's claims against Engler should be dismissed in their entirety.

---

[2] As discussed above, Plaintiff's state law claims against Engler (Counts XI and XII) are only properly understood as against him in his *individual capacity*. Any official capacity claim against Engler as to these two counts would be pointless and merely duplicative. See Footnote 2.

        Respectfully submitted,

        DICKINSON WRIGHT PLLC

        By: *s/ Kathryn S. Wood*
            Kathryn S. Wood (P55012)
            Angelina R. Delmastro (P81712)
        *Attorneys for Defendant Engler*
        500 Woodward Avenue, Suite 4000
        Detroit, MI  48226
        (313) 223-3500
        kwood@dickinsonwright.com
        adelmastro@dickinsonwright.com

Dated:  May 3, 2022

-8-

## CERTIFICATE OF SERVICE

I certify that on May 3, 2022, I electronically filed the foregoing *Brief in Support of Defendant John M. Engler's Motion to Dismiss Plaintiff Christie Poitra's First Amended Complaint and Joinder in MSU Defendants' Motion to Dismiss (ECF NOS. 17–18)* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

*s/ Jill K. Merlo*
Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
jmerlo@dickinsonwright.com

4859-8079-7214 v1 [101713-1]