## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTIE POITRA,

     Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTESS; SAMUEL L.
STANLEY, JR; SATISH UDPA; LOU
ANNA K. SIMON; JOHN M. ENGLER;
RONALD L. HENDRICK; ROBERT
KENT; TANYA JACHIMIAK; JOHN
NORDER; and QUENTIN TYLER; in their
official and individual capacities,

     Defendants.

Case No. 1:22-cv-00047

Hon. Jane M. Beckering

---

Elizabeth K. Abdnour P78203
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 292-0067
Email: elizabeth@abdnour.com

Karen Truszkowski P56929
TEMPERANCE LEGAL GROUP, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Ste. 4A-1
Lansing, MI 48915
Telephone: (844) 534-2560
Fax: (800) 521-6527
Email: karen@temperancelegalgroup.com

David A. Nacht (P47034)
NACHTLAW, P.C.
Attorney for Defendant John Norder
101 North Main Street, Suite. 555
Ann Arbor, MI 48204
(734) 663-7550
(734) 663-7592
dnacht@nachtlaw.om

---

## DEFENDANT JOHN NORDER'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Defendant John Norder, by and through his attorneys, NACHTLAW, P.C., and respectfully requests that this Court GRANT this Motion to Dismiss Plaintiff's Amended Complaint and Jury Demand with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). In support, Dr. Norder states the following:

1.      Plaintiff has brought the following claims against Dr. Norder: Denial of Substantive and Procedural Due Process, Denial of Equal Protection, Sex Discrimination and Retaliation under Michigan's Elliott-Larsen Civil Rights Act, and Disability Discrimination and Retaliation under Michigan's People with Disabilities Civil Rights Act.

2.      The substance of the discrimination and retaliation claims were investigated by other Defendants in this matter, and Dr. Norder was cleared of any wrongdoing.

3.      Plaintiff did not suffer any adverse actions by Dr. Norder's hands.

4.      In fact, after the aforementioned investigation, Dr. Norder lost one of his jobs and Plaintiff was promoted to Dr. Norder's position.

5.      Plaintiff has failed to state claims against Dr. Norder upon which relief can be granted.

6.      Furthermore, certain allegations are time-barred.

7.      As such, and pursuant to Fed. R. Civ. P 12(b)(6), this Court should dismiss Plaintiff's Amended Complaint as it relates to Dr. Norder in its entirety with prejudice.

8.      In further support of this Motion, Dr. Norder relies on the following Brief in Support.

Pursuant to W.D. Mich LCivR 7.1(d), undersigned counsel for Dr. Norder sought concurrence for the relief requested in this Motion; as of the time of filing, such concurrence had not been obtained.

Respectfully submitted,

NACHTLAW, P.C.

/s/ David A. Nacht
David A. Nacht (P47034)
Attorney for Defendant
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
dnacht@nachtlaw.com

Dated: May 19, 2022

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTIE POITRA,

     Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTESS; SAMUEL L.
STANLEY, JR; SATISH UDPA; LOU
ANNA K. SIMON; JOHN M. ENGLER;
RONALD L. HENDRICK; ROBERT
KENT; TANYA JACHIMIAK; JOHN
NORDER; and QUENTIN TYLER; in their
official anf individual capacities,

     Defendants.

Case No. 1:22-cv-00047

Hon. Jane M. Beckering

---

Elizabeth K. Abdnour P78203
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 292-0067
Email: elizabeth@abdnour.com

Karen Truszkowski P56929
TEMPERANCE LEGAL GROUP, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Ste. 4A-1
Lansing, MI 48915
Telephone: (844) 534-2560
Fax: (800) 521-6527
Email: karen@temperancelegalgroup.com

David A. Nacht (P47034)
NACHTLAW, P.C.
Attorney for Defendant John Norder
101 North Main Street, Suite. 555
Ann Arbor, MI 48204
(734) 663-7550
(734) 663-7592
dnacht@nachtlaw.om

---

## DEFENDANT JOHN NORDER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................... iii

STATEMENT OF ISSUES PRESENTED........................................................... vi

I.  INTRODUCTION ........................................................................................ 1

II. STATEMENT OF FACTS............................................................................ 2

III. ARGUMENT ............................................................................................... 4

    a. Legal Standard........................................................................................ 4

    b. As a preliminary matter, Plaintiff's claims against Dr. Norder are time-barred .................... 5

    c. Even assuming the claims are not time-barred, Plaintiff has failed to state claims upon which relief can be granted, necessitating dismissal under Fed. R. Civ. P. 12(b)(6) ........................... 6

        *i. Count IX: Denial of Substantive and Procedural Due Process* ........................... 6

        *ii. Count X: Denial of Equal Protection* ................................................. 8

        *iii. Count XI: ELCRA Sex Discrimination and Retaliation* ................................... 9

        *iv. Count XII: PDCRA Discrimination and Retaliation* ....................................... 10

            1. Individual Liability ........................................................................ 10

            2. Failure to Plead .......................................................................... 12

IV. CONCLUSION............................................................................................ 12

CERTIFICATE OF COMPLIANCE................................................................. 13

CERTIFICATE OF SERVICE .......................................................................... 13

ii

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alabama v. Pugh*, 438 U.S. 781, 781 (1978). ................................................................ 10

*American Premier Underwriters, Inc. v. National Railroad Passenger, Corp.*, 839 F.3d 458, 461
(6th Cir. 2016) ..................................................................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 4

*Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007) .................................................. 4

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)................................... 7

*Chen v. Wayne State University*, 284 Mich. App. 172, 771 N.W.2d 820, 839 .............................. 9

*Chiles v. Machine Shop, Inc.*, 238 Mich. App. 462, 606 N.W.2d 398 (1999)............................. 12

*Davis v. Robert*, 192 F.Supp.3d 847 (E.D. Mich. 2016)................................................... 7

*Dino Drop, Inc. v. Cincinnati Insurance Company*, 544 F.Supp.3d 789, 794 (E.D. Mich. 2021) . 4

*Edelman v. Jordan*, 415 U.S. 651 (1974) .................................................................... 11

*Farhat v. Michigan Dept. of Corrections*, No 12-10864, 2012 WL 5874813 at *3 (E.D. Mich.
Nov. 20, 2012).......................................................................................................... 11

*Gearheart v. Federal Reserve Bank*, 516 F.2d 353 (6th Cir. 1975) ................................. 7

*Hall v. State Farm Ins. Co.*, 18 F.Supp.2d 751 (E.D. Mich. 1998) ................................. 9

*Hawthorne-Burdine v. Oakland University, et al.*, 158 F.Supp.3d 586, 598 (E.D. Mich. 2016) . 11

*Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004)........................................ 9

*Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921 (6th Cir. 1999) ........... 9

*JDC Management, LLC v. Reich*, 644 F.Supp.2d 905, 926 (W.D. Mich. 2009) .......................... 8

*Keys v. Humana, Inc*. 684. F.3d 605, 608 (6th Cir. 2012) ............................................ 4

*Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876 (6th Cir. 1996)........................................ 9

*Kresnak v. City of Muskegon Heights*, 956 F.Supp. 1327 (W.D. Mich. 1997)............................ 6

*Mitan v. Neiman Marcus*, 240 Mich. App. 679, 613 N.W.2d 415, 416) (2000).......................... 12

*Peña v. Ingham Co. Rd. Comm.*, 255 Mich. App. 299, 660 N.W.2d 351 (2003) ......................... 9

*Penhurst State School & Hosp. V. Halderman*, 465 U.S. 89, 99 (1984), *citing Clark v. Barnard*, 108 U.S. 436 (1883) ......................................................................................................... 10

*Phifer v. City of Grand Rapids, Michigan*, 657 F.Supp.2d 867, 872 (W.D. Mich. 2009).............. 5

*Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) ........................................................................ 7

*Reeder v. County of Wayne,* 177 F.Supp.3d 1059, 1076 (E.D. Mich. 2016), .............................. 12

*Roberson v. Tennessee*, 399 F.3d 792 (6th Cir. 2005) .................................................................... 5

*Schmidli v. City of Fraser*, 784 F.Supp.2d 794, 805 (E.D. Mich. 2011) ...................................... 12

*Sikora v. United Parcel Service, Inc., et al.*, No. 12-CV-11992, 2012 WL 5344476 at *2 (E.D Mich. Oct. 29, 2012) .................................................................................................................... 11

*Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826 (6th Cir. 2009) .......................... 8

*Terrace Knolls, Inc. v. Dalton, Dalton, Little and Newport, Inc.*, 571 F.Supp. 1086, 1091 (N.D. Ohio, 1983)................................................................................................................................... 7

*Welsh v. Grandville Public Schools*, No 1:20-cv-1207, 2022 WL 593568 at *2 (W.D. Mich. Feb. 28, 2022)..................................................................................................................................... 11

*West v. Atkins*, 487 U.S. 42 (1998). ............................................................................................... 7

*Whitefield v. Tenn.*, 639 F.3d 253 (6th Cir. 2011) ...................................................................... 12

*Wilcoxon v. Minnesota Min. & Mfg. Co.*, 235 Mich. App. 347, 597 N.W.2d 250 ........................ 9

*Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005) ............................................................................... 5

*Wright v. AutoZone Stores, Inc.*, 951 F.Supp.2d 973, 996 (W.D. Mich. 2013)............................ 10

**Statutes**

42 U.S.C. § 1983......................................................................................................................... 5, 6

MCL 600.5805 ................................................................................................................................ 6

**Other Authorities**

Michigan's Elliott-Larsen Civil Rights Act.............................................................................. 1, 6, 9

Michigan's People with Disabilities Civil Rights Act .......................................................... 1, 6, 10, 12

**Rules**

Fed. R. Civ. P 12(b)(6).............................................................................................................. 4, 5, 6

Fed. R. Civ. P. 12(b). ................................................................................................................ 4

## STATEMENT OF ISSUES PRESENTED

1.      Whether Plaintiff's claim for Denial of Substantive and Procedural Due Process in violation of 42 U.S.C. (add section symbol) 1983 is time-barred?

2.      Whether Plaintiff's claim for Denial of Equal Protection in violation of 42 U.S.C. (add section symbol) 1983 is time-barred?

3.      Whether Plaintiff's claim of Sex Discrimination and Retaliation under Michigan's Elliott-Larsen Civil Rights Act is time-barred?

4.      Whether Plaintiff's claim of Discrimination and Retaliation under Michigan's People with Disabilities Civil Rights Act is time-barred?

5.      Whether Plaintiff sufficiently pled a claim for Denial of Substantive and Procedural Due Process in violation of 42 U.S.C. (add section symbol) 1983?

6.      Whether Plaintiff sufficiently pled a claim for Denial of Equal Protection in violation of 42 U.S.C. (add section symbol) 1983?

7.      Whether Plaintiff sufficiently pled a claim for Sex Discrimination and Retaliation under Michigan's Elliott-Larsen Civil Rights Act?

8.      Whether Plaintiff sufficiently pled a claim for Discrimination and Retaliation under Michigan's People with Disabilities Civil Rights Act?

9.      Whether the Eleventh Amendment bars Plaintiff's claim under Michigan's People with Disabilities Civil Rights Act?

10.      Whether Michigan's People with Disabilities Civil Rights Act imposes or creates individual liability?

## I.   INTRODUCTION

Plaintiff has filed this Amended Complaint against multiple entities and individuals, including Dr. Norder, simply for not agreeing with her interpretation of what is discrimination and retaliation. Many of the allegations contained therein were thoroughly investigated by Defendant Michigan State University (hereinafter referred to as "MSU") and several other Defendants named in this case. While Dr. Norder has already been cleared of any discrimination or retaliation, he suffered significant loss and damages due to Plaintiff's complaint to Defendant MSU. Dr. Norder was found responsible for pushing boundaries with regard to discussing health concerns;[1] Plaintiff was *also* found to have engaged in boundary pushing conversations. Ultimately, however, it was determined that Dr. Norder's conduct was not discriminatory or retaliatory.

In her Amended Complaint, as to Dr. Norder, Plaintiff has filed claims of denial of substantive and procedural due process and equal protection. She has also filed claims for discrimination under Michigan's Elliott-Larsen Civil Rights Act (hereinafter referred to as "ELCRA") and Michigan's People with Disabilities Civil Rights Act (hereinafter referred to as "PDCRA"). She claims losses when she did not suffer an adverse action at Dr. Norder's hands. In fact, it is *he* who lost his job. When Dr. Norder was removed from his Director position, it was Plaintiff who was promoted to the position. While Plaintiff was promoted, Dr. Norder suffered professional harm and indignities.

Plaintiff has failed to plead an adverse action taken by Dr. Norder. She has failed to plead sufficient facts for the claims she has brought against Dr. Norder. Furthermore, as a matter of law,

---

[1] Dr. Norder suffers from severe, life-altering gastrointestinal issues, which have caused related psychological issues. He discussed this issue with Plaintiff because she too had opened up to him about medical conditions. It is evident from the evidence, as it was evident to Defendant MSU's independent investigator, that he did not intend to make Plaintiff uncomfortable by sharing this information.

these claims cannot be brought against Dr. Norder as an individual. Critically, even if her allegations were sufficient, Plaintiff's claims are time-barred due to statutes of limitation. For the reasons stated above, and the reasons to follow, this Court should DISMISS Plaintiff's Amended Complaint in its entirety as it applies to Dr. Norder with prejudice.

## II.   STATEMENT OF FACTS

When Plaintiff first began working at Defendant MSU, Dr. Norder was its Director of the Native American Institute (hereinafter referred to as the "NAI"). (PageID.129, ¶ 28). He was also an Associate Professor of Anthropology. (*Id.*). While he was the Director of the NAI, Plaintiff was the Assistant Director and she reported to him. (PageID.137, ¶ 89). Plaintiff made Dr. Norder aware of her alleged disability; she shared with him not only the disability but the accident that led to its inception. (PageID.139, ¶¶ 110, 111).

Plaintiff alleges that, from the beginning of her time at the NAI, Dr. Norder "entirely ignored professional boundaries and repeatedly harassed [her] by making unwelcome sexual and other inappropriate comments and sexual advances, harassing her on the basis of her sex, her disability, and her weight." (PageID.140, ¶ 114). She alleges that Dr. Norder created "an environment of pervasive abuse" and lists some sexual comments Dr. Norder allegedly made. (*Id.*, ¶¶ 115-117). Plaintiff also alleges that Dr. Norder harassed and discriminated against her on the basis of her disability, more specifically her PTSD, and shares allegations of discriminatory behavior. (PageID.142-143).  At no point during her description of the alleged discrimination and harassment does she state an adverse employment action was taken against her by Dr. Norder; at most, she states: "[a]s her supervisor, Norder wielded a great amount of power over [Plaintiff,] and [Plaintiff] was deeply concerned about losing her job if she did not acquiesce to Norder's inappropriate questioning and comments." (PageID.142, ¶ 121).

On August 9, 2018, OIE received a third-party report about Plaintiff. (PageID.145, ¶ 153). Plaintiff then sat down with OIE and shared the alleged harassment she experienced by Dr. Norder between 2016 and 2018. (*Id*., ¶ 154). Plaintiff alleges that, after the OIE process began and being directed to have no contact, Dr. Norder continued to contact her. (PageID.147, ¶ 168). The preliminary investigative report was issued by OIE on January 2, 2019. (PageID.148, ¶ 178). In September of 2019, Plaintiff was promoted to Interim Director of the NAI. (PageID.157, ¶ 252).

In November of 2019, Plaintiff filed an ex parte Personal Protection Order (hereinafter referred to as "PPO") against Dr. Norder, which was heard and granted on November 7, 2019. (PageID.151, ¶ 206-207). This PPO was filed immediately after an alleged incident on November 6, 2019. (PageID.150, ¶ 205).[2] Plaintiff alleges that Dr. Norder had continued to harass and "stalk" her throughout the course of the OIE investigation, which caused a need for the PPO. (PageID.156, ¶ 238). It is unclear what conduct Dr. Norder engaged in that was harassing and stalking besides a general allegation of continued contact with no further details.

The OIE hearing for Plaintiff's complaints against Dr. Norder took place on January 20, 2020. (PageID.154, ¶ 224). About a month later, on February 17, 2020, Dr. Norder was found not responsible for violating MSU's Anti-Discrimination Policy. (PageID.156, ¶ 240). Dr. Norder was found to have violated MSU's Relationship Violence and Sexual Misconduct (hereinafter referred to as "RVSM") policy. (PageID.156, ¶ 239). The nature of her claims required that two different policies be considered. Dr. Norder was disciplined for his violations of the RVSM Policy.

---

[2] Plaintiff's allegation states: "[o]n November 6, 2019, Norder again violated the no contact directive and tagged [Plaintiff] in an article posted online." What Plaintiff fails to share with the Court is that the article is a paper that she co-authored and the website was academia.edu. Dr. Norder *had* to put her down as a co-author who would be in violation of plagiarism policies. Upon posting the paper, the website *automatically* notified Plaintiff that the paper was posted. It is not like Facebook, where one has to intentionally tag someone in a post.

3

(PageID.157, ¶¶ 245-248).

In her Amended Complaint, Plaintiff has brought four claims against Dr. Norder: Denial of Substantial and Procedural Due Process, Denial of Equal Protection, Sex Discrimination and Retaliation under ELCRA, and Discrimination and Retaliation under PDCRA. For several reasons, as explained thoroughly below, Plaintiff has failed to state a claim upon which relief can be granted and, as such, this Court should dismiss Plaintiff's Amended Complaint against Dr. Norder in its entirety and with prejudice under Fed. Civ. R. P. 12(b)(6).

## III.   ARGUMENT

### a.  Legal Standard

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: [] failure to state a claim upon which relief can be granted[]." Fed. R. Civ. P 12(b)(6). "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007). When evaluating motions under 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc*. 684. F.3d 605, 608 (6th Cir. 2012). "Factual allegations *must be enough to raise a right to relief above the speculative level*..." *Twombly*, 550 U.S. at 555. [emphasis added]. "A complaint that offers no more than 'labels and conclusions,' a 'formulaic recitation of the elements of a cause of action,' or 'naked assertion[s]' devoid of 'further factual enhancement' will not suffice." *Dino Drop, Inc. v. Cincinnati Insurance Company*, 544 F.Supp.3d 789, 794 (E.D. Mich. 2021), *quoting Ashcroft*, 556 U.S.

4

**b.  As a preliminary matter, Plaintiff's claims against Dr. Norder are time-barred**

While, as argued below, there are other reasons why Plaintiff's Amended Complaint fails

under Fed. R. Civ. P 12(b)(6) - even if her pleadings are sufficient and Dr. Norder is an appropriate

defendant – her claims are time-barred and thus, she cannot be granted any relief on the claims.

"The statute of limitations begins to run when a plaintiff 'knows or has reason to know of the

injury which is the basis of his action.'" *American Premier Underwriters, Inc. v. National Railroad

Passenger, Corp.*, 839 F.3d 458, 461 (6th Cir. 2016), *quoting Roberson v. Tennessee*, 399 F.3d 792

(6th Cir. 2005). "A plaintiff has reason to know of his injury when he should have discovered it

through the exercise of reasonable diligence." *Id*.

Plaintiff's first claim against Dr. Norder is denial of both substantive and procedural due

process in violation of 42 U.S.C. § 1983.[3]  "Claims brought under 42 U.S.C. § [] 1983 [] are

governed by the most analogous state statutes of limitations." *Phifer v. City of Grand Rapids,

Michigan*, 657 F.Supp.2d 867, 872 (W.D. Mich. 2009). In Michigan, claims under 42 U.S.C. §

1983 are governed by the three-year statute of limitations applicable to personal injury cases. *Id*.

at 873, *citing Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005). Any due process claims in this matter

would have accrued prior to January 19, 2019. On August 9, 2018, OIE received a third-party

complaint about Plaintiff's situation, and seven days later, Plaintiff met with OIE to discuss the

harassment she allegedly experienced due to Dr. Norder between 2016 and 2018. (PageID.145, ¶

154). In the Amended Complaint, Plaintiff cites issues with the process before the preliminary

report was issued on January 2, 2019. (PageID.145-148). By Plaintiff's own allegations, she was

aware of due process injuries before January 19, 2019. As such, Plaintiff's claim under 42 U.S.C.

§ 1983 are time-barred as they have been brought after the three-year statute of limitations.

---

[3] As argued below, Dr. Norder is not a proper defendant under 42 U.S.C. § 1983.

Likewise, the claim for denial of equal protection in violation of 42 U.S.C. § 1983 is time-barred. With regard to Dr. Norder, the allegations are presumably based on discrimination. She alleges that the discrimination started in 2016; she reported as much to OIE. (PageID.145, ¶ 154). Plaintiff knew of the injury that forms the basis for this claim much earlier than January 19, 2019. The statute of limitations has elapsed, and Plaintiff cannot maintain this claim against Dr. Norder.

The remainder of Plaintiff's claims against Dr. Norder, the state claims under the ELCRA and the PDCRA, are time-barred as well. *See Kresnak v. City of Muskegon Heights*, 956 F.Supp. 1327 (W.D. Mich. 1997) (three-year statute of limitations for ELCRA); MCL 600.5805. Plaintiff alleges that "Defendant Norder discriminated against [her] by repeatedly sexually harassing and stalking her" under the ELCRA count. (PageID.201, ¶ 608). She reported in 2018 that "harassment" occurred between 2016 and 2018 meaning she had knowledge of her supposed injury well before January 19, 2019. She also alleges that "Defendant Norder retaliated against [her] by continuing to stalk and harass her after she reported him to OIE." (PageID.202, ¶ 611). In other words, taking her allegations as true, she was aware of this alleged retaliation as soon as 2018. (See PageID.147, ¶ 168). Plaintiff makes the same, general allegations under the PDCRA. Plaintiff's alleged discrimination by Dr. Norder started in 2016 and the retaliation in 2018, meaning her state claims are time-barred under the statutes of limitations.

    **c.** **Even assuming the claims are not time-barred, Plaintiff has failed to state claims upon which relief can be granted, necessitating dismissal under Fed. R. Civ. P. 12(b)(6)**

        *i.   Count IX: Denial of Substantive and Procedural Due Process*

Plaintiff has failed to state a claim for Denial of Substantive and Procedural Due Process against Dr. Norder upon which relief can be granted. "Plaintiff alleges violations of 42 U.S.C. § 1983 against the above-named Defendants in their individual capacities due to deprivation of her

property and liberty interests without adequate notice or a meaningful opportunity to be heard in violation of the Due Process Clause of the Fourteenth Amendment." (PageID.195, ¶ 565). "A claim under § 1983 requires two elements: (1) conduct by defendants under color of state law; and (2) deprivation of plaintiff's constitutional rights because of that conduct." *Terrace Knolls, Inc. v. Dalton, Dalton, Little and Newport, Inc.*, 571 F.Supp. 1086, 1091 (N.D. Ohio, 1983), *citing Gearheart v. Federal Reserve Bank*, 516 F.2d 353 (6th Cir. 1975). "It is not enough for a complaint under § 1983 to contain mere conclusory allegation of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986), *citing Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed within the authority of state law.'" *Davis v. Robert*, 192 F.Supp.3d 847 (E.D. Mich. 2016), *quoting West v. Atkins*, 487 U.S. 42 (1998).

None of Plaintiff's allegations plead that Dr. Norder deprived her of her constitutional rights. Her gripes under Count IX revolve completely around other Defendants' actions during Defendant MSU's investigation and process:

> "568. As MSU Presidents, Simon, Engler, Udpa, and Stanley were responsible for oversight of the university and ensuring that the university complied with its legal obligations.
>
> 569. As Dean of the College of Natural Science, Hendrick was responsible for oversight of the College and ensuring that the College complied with its legal obligations.
>
> 570. As Title IX Coordinators, Kent and Jachimiak were responsible for oversight of the Title IX policies, procedures, and systems throughout the university and ensuring that the university complied with its legal obligations.
>
> 571. Defendants' failure to comply with the administrative requirements of Title IX and its own RVSM Policy deprived Plaintiff of her substantive due process rights to her liberty

interest in bodily integrity and her property interest in her professional reputation and reasonable advancement in her career.

572. Defendants' failure to comply with the administrative requirements of Title IX and its own RVSM Policy deprived Plaintiff of her procedural due process right to be heard prior to depriving her of her liberty and property interests.

573. Defendants, in their individual capacities and under color of law, subjected Plaintiff to violations of her liberty and property interests by failing to comply with the procedures and timelines outlined in their own RVSM Policies, engaging in direct discrimination and harassment of Plaintiff, failing to timely investigate and respond to Defendant Norder's ongoing harassment of her, placing a no-contact directive against her with no basis for doing so, failing to ensure that the effects of Defendant Norder's discrimination against her were fully remedied, failing to respond appropriately to her reports of retaliation by Defendant Norder, failing to timely and investigate and respond to her report of Loveridge's harassment of her, and failing to adequately train and supervise their staff with respect to the handling of Title IX complaints."

(PageID.195-196).

Dr. Norder is only mentioned since he was the Respondent in the process she is taking issue with in her Amended Complaint. Plaintiff fails to plead sufficient facts to allege that Dr. Norder deprived her of her rights. He was subject to the process she is complaining about and had no decision-making power whatsoever in how it was administered, his involvement in the process was not under the color of state law.

       *ii.   Count X: Denial of Equal Protection*

Plaintiff failed to plead sufficient facts to allege a Denial of Equal Protection. "Generally, an equal-protection plaintiff must show that he was treated differently from at least one similarly situated individual, and '[t]o satisfy this threshold inquiry, it must allege that it and other individuals who were treated differently were similarly situated in all material respects.'" *JDC Management, LLC v. Reich*, 644 F.Supp.2d 905, 926 (W.D. Mich. 2009), *quoting Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826 (6th Cir. 2009). Nowhere in the Amended Complaint does Plaintiff allege that Dr. Norder treated her differently from other similarly situated

individuals. Plaintiff has failed to plead any facts to get her past the threshold inquiry and, therefore, her equal protection claim should be dismissed.

### iii.   Count XI: ELCRA Sex Discrimination and Retaliation

"Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases." *Humenny v. Genex Corp*., 390 F.3d 901, 906 (6th Cir. 2004), *citing Hall v. State Farm Ins. Co.*, 18 F.Supp.2d 751 (E.D. Mich. 1998). To establish a prima facie case of sex discrimination under ELCRA, "a plaintiff must show that she was (1) a member of the protected class, (2) subject to an adverse employment action, (3) qualified for the job, and (4) treated differently than similarly situated male employees for the same or similar conduct." *Id*., *citing Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921 (6th Cir. 1999). "An adverse employment action is 'a materially adverse change in the terms of [the employee's] employment.'" *Id*. at 1078, *quoting Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876 (6th Cir. 1996). "There is no exhaustive list of what constitutes adverse actions." *Chen v. Wayne State University*, 284 Mich. App. 172, 771 N.W.2d 820, 839, *citing Peña v. Ingham Co. Rd. Comm.*, 255 Mich. App. 299, 660 N.W.2d 351 (2003). The courts have provided guidance, however, on what kind of actions are adverse employment actions. "Materially adverse employment actions are akin to 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" *Id*., *quoting Wilcoxon v. Minnesota Min. & Mfg. Co.*, 235 Mich. App. 347, 597 N.W.2d 250.

Plaintiff has utterly failed to allege that she suffered an adverse employment action by Dr. Norder. Plaintiff makes allegations in her Amended Complaint that she was not paid fairly with comparison to men when she was promoted to Interim Director of the NAI. Needless to say, Dr.

9

Norder was not involved in this hiring decision or the details surrounding the promotion. Plaintiff does not allege Dr. Norder was involved. In order to properly plead a claim, it is necessary for *every* element to be pleaded. Without alleging there was an adverse action taken by Dr. Norder, Plaintiff cannot properly bring a claim of sex discrimination.

Plaintiff's ELCRA retaliation claim is also insufficiently pled. A plaintiff bringing such a claim must plead that "(1) she engaged in a protected activity, (2) the employer was aware of the protected activity, (3) the employer took an adverse employment action against her, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the alleged adverse employment action." *Wright v. AutoZone Stores, Inc.*, 951 F.Supp.2d 973, 996 (W.D. Mich. 2013). Like the discrimination claim, the retaliation claim must fail as there is no allegation – neither speculative nor general – that Dr. Norder took an adverse employment action against Plaintiff.

### iv.  Count XII: PDCRA Discrimination and Retaliation

Plaintiff cannot bring claims of discrimination and retaliation under the PDCRA against Dr. Norder because of immunity under the Eleventh Amendment and because the Act does not create individual liability. Even if there was liability, Plaintiff has failed to plead a PDCRA discrimination and retaliation case against Dr. Norder.

### 1.  Individual Liability

"Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978). "A sovereign's immunity may be waived, and the Court consistently has held that a State may consent to suit against it in federal court." *Penhurst State School & Hosp. V. Halderman*, 465 U.S. 89, 99 (1984), *citing Clark v. Barnard*, 108 U.S. 436 (1883). However, a "State's consent be unequivocally

expressed." *Id.*, *citing Edelman v. Jordan*, 415 U.S. 651 (1974). Notably, "[n]either 'pendent jurisdiction, nor any other basis of jurisdiction, may override the Eleventh Amendment.'" *Farhat v. Michigan Dept. of Corrections*, No 12-10864, 2012 WL 5874813 at *3 (E.D. Mich. Nov. 20, 2012). As such, a PDCRA claim against an individual in his official capacity must fail. *See id.*

With regard to individual liability, this issue has already been heard - several times - by Sixth Circuit courts, and the courts continue to find that the PDCRA does not create or impose individual liability. *See Welsh v. Grandville Public Schools*, No 1:20-cv-1207, 2022 WL 593568 at *2 (W.D. Mich. Feb. 28, 2022) ("The Magistrate Judge recommends dismissing the Rehabilitation Act (RA) claim, the Americans with Disabilities Act (ADA) claim and the claim under Michigan's People With Disabilities Civil Rights Act (PWDCRA). The Magistrate Judge concludes the statutes do not impose liability on individuals. (R&R at 13 PageID.913.)").; *Farhat*, 2012 WL 5874813 at *4 ("The PWDCRA states that "an employer shall not 'discharge or otherwise discriminate against an individual because of disability." "[The Michigan Court of Appeals] and Michigan Supreme Court note that the [ADA] and the PWDCRA share the same purpose and use similar definitions and analyses." "[B]oth courts have relied on the ADA in interpreting the PWDCRA." A court may look to the ADA to interpret the PWDCRA. "The Sixth Circuit held that supervisors are not 'employers' "liable under the ADA. The ADA does not impose individual liability.") [internal citations omitted]; *Hawthorne-Burdine v. Oakland University, et al.*, 158 F.Supp.3d 586, 598 (E.D. Mich. 2016) ("Furthermore, Plaintiff's state claims under the ELCRA and PWDCRA must also be dismissed to the extent that they seek monetary damages."); *Sikora v. United Parcel Service, Inc., et al.*, No. 12-CV-11992, 2012 WL 5344476 at *2 (E.D Mich. Oct. 29, 2012) ("There is no individual liability under the ADA. Similarly, there is no individual liability under the PWDCRA. Therefore, plaintiff cannot maintain his ADA or

11

PWDCRA claims against the individual defendants, and such claims should be dismissed.")
[internal citations omitted].

<div align="center">2.   <u>Failure to Plead</u></div>

To establish a prima facie case of discrimination under the PDCRA, "a plaintiff must show
that (1) he is 'disabled' as defined by the statute, (2) the disability is unrelated to the plaintiff's
ability to perform the duties of a particular job, and (3) the plaintiff has been discriminated against
in one of the ways set forth in the statute." *Schmidli v. City of Fraser*, 784 F.Supp.2d 794, 805
(E.D. Mich. 2011), *citing Chiles v. Machine Shop, Inc.*, 238 Mich. App. 462, 606 N.W.2d 398
(1999). As noted above, when interpreting the PDCRA, courts rely on the ADA; as a result, these
cases require an adverse employment action. *See Reeder v. County of Wayne,* 177 F.Supp.3d 1059,
1076 (E.D. Mich. 2016), *citing Whitefield v. Tenn.*, 639 F.3d 253 (6th Cir. 2011). Plaintiff did not
plead an adverse employment action caused by Dr. Norder. She does not plead that he terminated
her, demoted her, or otherwise impacted her employment. In fact, her pleadings show that after
going to OIE, Plaintiff's job position actually improved, taking Dr. Norder's Director position after
he was removed. Plaintiff also fails to allege, beyond making a legal conclusion that she was
discriminated against by Dr. Norder due to her disability.

Plaintiff also fails to properly plead PDCRA retaliation. To establish a prima facie case of
retaliation, courts rely on the elements established under ELCRA. *See Mitan v. Neiman Marcus*,
240 Mich. App. 679, 613 N.W.2d 415, 416) (2000). This requires an adverse employment action,
which has not been properly alleged by Plaintiff. The claim under PDCRA against Dr. Norder
should be dismissed in their entirety.

**IV.   CONCLUSION**

For the reasons stated above, this Court should DISMISS Plaintiff's Amended Complaint in its entirety as applied to Dr. Norder.

<div style="margin-left: 40%;">

Respectfully submitted,

NACHTLAW, P.C.

/s/ David A. Nacht_____
David A. Nacht (P47034)
Attorney for Defendant Norder
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
dnacht@nachtlaw.com
</div>

Dated: May 19, 2022

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of W.D. Mich LCivR 7.2(b)(i), excluding the parts exempted by W.D. Mich. LCivR 7.2(b)(i), it contains 3,985 words. The word count was generated using Microsoft Word 2009.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by the Court's electronic filing system to all parties of record.

<div style="margin-left: 40%;">

  /s/ Karina Alvarez __
Karina Alvarez, Litigation Paralegal
</div>

Dated: May 19, 2022