# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHRISTIE POITRA,

Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES; SAMUEL L.
STANLEY, JR.; SATISH UDPA; LOU
ANNA K. SIMON; JOHN M. ENGLER;
RONALD L. HENDRICK; ROBERT
KENT; TANYA JACHIMIAK; JOHN
NORDER; and QUENTIN TYLER; in their
official and individual capacities,

Defendants.

Case No. 1:22-cv-00047

Hon. Jane M. Beckering

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NORDER'S MOTION TO DISMISS

Plaintiff Christie Poitra, through undersigned counsel, respectfully submits this Response in Opposition to Defendant Norder's Motion to Dismiss ("Motion") (ECF No. 18). Plaintiff's Complaint includes only factual allegations which properly state relevant, material claims against Defendant Norder, and the Motion must be denied.

1

## TABLE OF CONTENTS

I.   STATEMENT OF FACTS                                                                          4

II.   PROCEDURAL BACKGROUND                                                           4

III.   LAW AND ARGUMENT                                                                       4

   A.   Applicable legal standard                                                             4

   B.   Plaintiff's claims were timely filed                                               5

   C.   Plaintiff's Section 1983 claims should not be dismissed             7

      *1.   Plaintiff has liberty and property interests in her bodily integrity, reputation, and career advancement*                                                                                      7

      *2.   Plaintiff has alleged sufficient facts to support a substantive due process violation claim*                                                                                                              8

   D.   Plaintiff has sufficiently pled her claims against Defendant Norder      9

      *1.   Plaintiff's ELCRA discrimination and retaliation claims should not be dismissed*   9

      *2.   Plaintiff's PWDCRA claims should not be dismissed*                      10

IV.   CONCLUSION                                                                                      11

2

## **TABLE OF AUTHORITIES**

Cases

*Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394 (6th Cir. 1999)          6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)          5, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)          5

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)          5, 9

*Carolan v. Kansas City*, 813 F.2d 178 (1987)          7

*Collins v. City of Harker Height*s, 503 U.S. 115 (1992)          7

*Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)          5, 9

*Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495

   (6th Cir. 1996)          7

*E.E.O.C. v. Penton Indus. Pub. Co., Inc.*, 851 F.2d 835 (6th Cir. 1988)          6

*Endres v. Ne. Oh. Med. Univ.,* 938 F.3d 281 (6th Cir. 2019)          5

*Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir. 1987)          6

*Perry v. Sindermann*, 408 U.S. 593 (1972)          7

*Sevier v. Turner,* 742 F.2d 262 (6th Cir. 1984)          5

*Union Pacific Railway Co. v. Botsford*, 141 U.S. 25 (1891)          7

*Vest v. Resolute FP US Inc.*, 905 F.3d 985 (6th Cir. 2018)          5, 9

*Wisconsin v. Constantineau*, 400 U.S. 433 (1971)          8


Statutes

M.C.L. § 37.1202(1)...................................................................................................10

M.C.L. § 37.2701(a)....................................................................................................9

M.C.L. §§ 37.2201 *et seq* ...........................................................................................9


Rules

Fed. R. Civ. P. 8(a)......................................................................................................4

Fed. R. Civ. P. 12(b)(6) ..............................................................................................4

# I.   <u>STATEMENT OF FACTS</u>

This Complaint was brought by Plaintiff, Dr. Christie Poitra, a highly qualified employee at Michigan State University working as the Interim Director of the Native American Institute ("NAI"). Am. Compl., PageID.125-127. For years, Defendant Norder discriminated and retaliated against her on the basis of her sex and disability. Am. Compl., PageID.139-152. Once her abuse was reported, MSU's Office of Institutional Equity ("OIE") took over five hundred days to investigate and resolve the complaint, ultimately finding Norder responsible for sex discrimination against Plaintiff but not disability discrimination. Am. Compl., PageID.145-157. As the investigation dragged on, and for years after the investigation finally concluded, MSU administrators continued to discriminate and retaliate against Plaintiff on the basis of her sex and disability. Am. Compl., PageID.139-152, 157-169.

# II.   <u>PROCEDURAL BACKGROUND</u>

On January 19, 2022, Plaintiff filed this action. Plaintiff filed an Amended Complaint on February 2, 2022. In response, Defendant Norder filed a Motion to Dismiss Plaintiff's Complaint on May 19, 2022.

# III.   <u>LAW AND ARGUMENT</u>

## A.  Applicable legal standard

To survive a motion to dismiss, a complaint must contain a "short a plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The United States Supreme Court has held that a complaint is only properly dismissed under Rule 12(b)(6) when it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

4

*Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is more than a sheer possibility, but it is not a probability requirement. *See Twombly*, 550 U.S. at 556. A complaint states a plausible claim for relief, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vest v. Resolute FP US Inc.*, 905 F.3d 985, 987 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reading the alleged facts, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir.  2007)). Therefore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of the facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal citations omitted).

### B.  Plaintiff's claims were timely filed

"Under federal law, the statute of limitation period begins 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Endres v. Ne. Oh. Med. Univ.,* 938 F.3d 281, 292 (6th Cir. 2019) (quoting *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984)). Three years before the date of filing was January 19, 2019. The relevant actions alleged in the Complaint are not time-barred under the continuing violation doctrine and therefore are timely. Further, prior to filing her complaint, Plaintiff was required, by law, to first exhaust all administrative remedies. Plaintiff timely filed her administrative complaints but was unable to file a suit in this Court until after those matters were resolved, which occurred outside of the statutory period, through no fault of Plaintiff.

The Sixth Circuit has long recognized that "an ongoing, continuous series of discriminatory acts may be challenged if one of those discriminatory acts occurred within the limitations period."

*Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 408 (6th Cir. 1999). There are two recognized exceptions under the continuing violation doctrine, the first arising "where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation," and the second arising "where there has been a long-standing and demonstrable policy of discrimination[.]" *E.E.O.C. v. Penton Indus. Pub. Co., Inc.*, 851 F.2d 835, 837-838 (6th Cir. 1988). For the second category of claims, "To constitute such an established pattern, the plaintiff must clearly demonstrate some 'over-arching policy of discrimination,' and not merely the occurrence of an isolated incident of discrimination." *Penton* 851 F.2d at 838 (citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 948 (6th Cir. 1987)).

Here, Defendant Norder's actions and inactions constitute an established pattern of discriminatory conduct, extending without interference over a span of several years. Norder's actions began as soon as Plaintiff began working under Norder and continued for years. Even after Plaintiff reported Norder's harassment, Plaintiff was forced to take out a restraining order against Norder in November 2019, which Norder violated. Am. Compl., PageID.150-151.[1]  November 2019 was within the three-year statute of limitations.  Defendant Norder's actions were far from one isolated incident, but rather a pattern that deeply affected Plaintiff. Each of Plaintiff's claims fits squarely within the continuing violation doctrine, and Defendant Norder's Motion should be denied.

---

[1] Defendant Norder tries to argue that he "had" to tag Plaintiff in the paper.  Mot. to Dismiss, PageID.759.  Upon information and belief, this was a paper he had published online previously but only tagged Plaintiff in November 2019.  Regardless, after a hearing on the issue, the 30th Circuit Court in Ingham County, Michigan, granted Plaintiff's Personal Protection Order based in part on this action, finding that a preponderance of the evidence demonstrated that Defendant Norder had stalked Plaintiff.

### C.  Plaintiff's Section 1983 claims should not be dismissed

At its core, the Due Process Clause is aimed to restrict government action by "prevent[ing] government from abusing its power, or employing it as an instrument of oppression." *Collins v. City of Harker Height*s, 503 U.S. 115, 126 (1992).  In *Perry v. Sindermann*, the United States Supreme Court clearly established the obvious principle that if public universities have mandatory disciplinary procedures and plaintiffs are eligible for the protections of those procedures, failing to follow the published procedures constitutes an unconstitutional deprivation of plaintiffs' property without due process. *See Perry v. Sindermann*, 408 U.S. 593 (1972). Therefore, under the Due Process Clause, deprivation of Plaintiff's liberty and property interests arising out of MSU's Relationship Violence and Sexual Misconduct Policy ("RVSM Policy"), Anti-Discrimination Policy ("ADP"), and state and federal law and guidance should not have occurred without notice and a meaningful opportunity to be heard.  Therefore, Defendant's Motion should be denied.

### 1.  *Plaintiff has liberty and property interests in her bodily integrity, reputation, and career advancement*

As a threshold matter, analysis of a due process claim, whether substantive or procedural, starts with an examination of the constitutional interest that has been violated. *See Carolan v. Kansas City*, 813 F.2d 178, 181 (1987).  Courts have long recognized the right to bodily integrity:

> The right to personal security and to bodily integrity bears an impressive constitutional pedigree. As far back as 1891, the Supreme Court recognized that "[n]o right is held more sacred, or is more carefully guarded…than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."

*Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 506 (6th Cir. 1996) (citing *Union Pacific Railway Co. v. Botsford*, 141 U.S. 250, 251 (1891).  As she detailed at length in her complaint, Plaintiff experienced numerous violations to her bodily

7

integrity without due process due to the actions and inactions of Defendant Norder, including chest pains, a panic attack, temporomandibular joint dysfunction ("TMJ"), weight gain, post-traumatic stress disorder ("PTSD"), joint pain, digestive symptoms, muscle tension, jaw pain, sleep disturbances, nightmares, anxiety, hypervigilance, and menstrual irregularity. Am. Compl., PageID.169-170. These physical manifestations directly resulted from the abuse she suffered at the hands of Defendant. Therefore, Defendant Norder's Motion should be denied.

Further, Plaintiff stated a plausible claim that she has a constitutionally protected interest in her reputation and future career opportunities.  "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). Therefore, Plaintiff has alleged more than sufficient information to show that her constitutional rights have been violated, meeting the threshold requirement for a Due Process claim.

### 2.   *Plaintiff has alleged sufficient facts to support a substantive due process violation claim*

The Fourteenth Amendment to the United States Constitution protects fundamental liberty interests against certain governmental intrusions irrespective of the fairness of the procedures utilized. Plaintiff has established that she suffered a deprivation of constitutional rights in the form of a denial of substantive due process due to the deprivation of her fundamental liberty and property interests in bodily integrity and her reputation. These deprivations resulted from the pervasive culture of sexual harassment Defendant Norder created.  Plaintiff has pled sufficient facts to demonstrate that Norder himself engaged in deprivations of her substantive due process rights.  Defendants thus deprived Plaintiff of her liberty and property interests in bodily integrity and her reputation and opportunity for career advancement. Therefore, Defendant Norder's motion

8

should be denied.

### D.  Plaintiff has sufficiently pled her claims against Defendant Norder

Plaintiff has pled sufficient facts to state facially plausible claims against Defendant Norder. A complaint states a plausible claim for relief, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vest*, 905 F.3d at 987 (citing *Ashcroft*, 556 U.S. at 678).  In reading the alleged facts, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bickerstaff*, 830 F.3d at 396 (citing *Directv, Inc.*, 487 F.3d at 476. Accepting Plaintiff's allegations as true, as this Court must, Defendants' motion to dismiss the following claims against them must be denied.

### 1.  *Plaintiff's ELCRA discrimination and retaliation claims should not be dismissed*

Plaintiff has alleged sufficient facts to support her claims under the Elliott-Larsen Civil Rights Act ("ELCRA"). ELCRA prohibits an employer from discriminating against an employee on the basis of sex. *See* M.C.L. §§ 37.2201 *et seq.* Further, ELCRA prohibits retaliation and discrimination "against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing." M.C.L. § 37.2701(a).

Defendant Norder is an employer within the meaning of ELCRA. M.C.L. § 37.2201(a). Plaintiff is an employee within the meaning of ELCRA, and within several protected classes as a Latina and Native woman. *See* M.C.L. § 37.2202. Finally, Defendant Norder discriminated against and harassed Plaintiff based on her sex, race, and weight, then retaliated against Plaintiff by

continuing his abuse after she made a report of his abuse, the most recent incident occurring in November 2019. Plaintiff has pled sufficient facts to demonstrate a violation of ELCRA by these Defendants, and Defendant Norder's Motion should be denied.

### 2.   *Plaintiff's PWDCRA claims should not be dismissed*

Plaintiff has sufficiently pled each element required for a claim under Michigan's Persons with Disabilities Civil Rights Act. PWDCRA, in relevant part, requires,

> (1) Except as otherwise required by federal law, an employer shall not: (a) Fail or refuse to hire, recruit, or promote an individual because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position. (b) Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position.

M.C.L. § 37.1202(1). The PWDCRA further prohibits retaliation "against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing." M.C.L. § 37.1602(a).

Plaintiff is a person with a disability under the meaning of PWDCRA and therefore is subject to its protections. Norder is an employer within the definition of the PWDCRA. An employer is defined as "a person who has 1 or more employees or a person who as contractor or subcontractor is furnishing material or performing work for the state or a governmental entity or agency of the state and includes an agent of such a person." M.C.L. § 37.1201(b). Defendant knew about Plaintiff's disability, as Plaintiff worked with the Michigan State University Resource Center for Persons with Disabilities ("RCPD"), and RCPD shared information with employees' supervisors, including Defendant Norder. Am. Compl., PageID.139. Plaintiff also discussed her disability and accommodations with Norder. *Id*. Defendant Norder discriminated against and

10

harassed Plaintiff based on her disability, then retaliated against Plaintiff by continuing his abuse

after she made a report of his abuse, the most recent incident occurring in November 2019. Plaintiff

has plead sufficient facts to sustain a PWDCRA claim, and Defendant's Motion should be denied.

## IV.      CONCLUSION

Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.


Respectfully Submitted,

**s/ Elizabeth K. Abdnour P78203**
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 292-0067
Email: elizabeth@abdnour.com


Karen Truszkowski P56929
TEMPERANCE LEGAL GROUP, PLLC
1100 W. Saginaw St., Ste. 4A-1
Lansing, MI 48915
Telephone: (844) 534-2560
Fax: (800) 521-6527
Email: karen@temperancelegalgroup.com

*Attorneys for Plaintiff*

Dated: June 16, 2022

11

<u>**CERTIFICATE OF COMPLIANCE**</u>

As required under Loc. Civ. R. 7.2(b)(i), I hereby certify that this brief includes 2,189 words including headings, footnotes, citations, and quotations and not including the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits. This word count was generated by Microsoft Word 365, the word processing software used to draft the brief.

<u>**s/ Elizabeth K. Abdnour P78203**</u>
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff

<u>**PROOF OF SERVICE**</u>

I hereby certify that on June 16, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

<u>**s/ Elizabeth K. Abdnour P78203**</u>
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff