# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTIE POITRA,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY; MICHIGAN STATE UNIVERSITY BOARD OF TRUSTESS; SAMUEL L. STANLEY, JR; SATISH UDPA; LOU ANNA K. SIMON; JOHN M. ENGLER; RONALD L. HENDRICK; ROBERT KENT; TANYA JACHIMIAK; JOHN NORDER; and QUENTIN TYLER; in their official and individual capacities,

    Defendants.

Case No. 1:22-cv-00047

Hon. Jane M. Beckering

---

Elizabeth K. Abdnour P78203
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 292-0067
Email: elizabeth@abdnour.com

David A. Nacht (P47034)
NACHTLAW, P.C.
Attorney for Defendant John Norder
101 North Main Street, Suite. 555
Ann Arbor, MI 48204
(734) 663-7550
(734) 663-7592
dnacht@nachtlaw.om

Karen Truszkowski P56929
TEMPERANCE LEGAL GROUP, PLLC
Attorney for Plaintiff
1100 W. Saginaw St., Ste. 4A-1
Lansing, MI 48915
Telephone: (844) 534-2560
Fax: (800) 521-6527
Email: karen@temperancelegalgroup.com

---

**DEFENDANT JOHN NORDER'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO HIS MOTION TO DISMISS**

Defendant John Norder, by and through his attorney, NACHTLAW, P.C. files this Reply to Plaintiff's Response in Opposition to his Motion to Dismiss. Plaintiff has largely failed to oppose essential legal questions and issues which support the dismissal of her Amended Complaint. Once again, Dr. Norder respectfully requests that this Honorable Court GRANT his Motion to Dismiss on all counts.

With regard to the timeliness of the claims, the only specific act that Plaintiff cites as being part of a pattern of discrimination that falls within the statute of limitations is the November 2019 Personal Protection Order (hereinafter referred to as "PPO"). As explained in the Motion to Dismiss, the PPO was filed immediately after the publishing of an article online to which Plaintiff has authorship rights. The PPO was granted *ex parte*. Plaintiff claims that PPO is part of a pattern of discrimination simply because it involved Dr. Norder; Plaintiff failed in her Amended Complaint to properly allege this was part of a pattern.

Plaintiff's response fails to detail how Dr. Norder *under the color of state law* deprived her of her constitutional rights under her due process 42 U.S.C. § 1983 claims.[1] Even if Dr. Norder is being sued in his individual capacity, Plaintiff must still allege he was acting under color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed within the authority of state law.'" *Davis v. Robert*, 192 F.Supp.3d 847 (E.D. Mich. 2016), *quoting West v. Atkins*, 487 U.S. 42 (1998). As noted in the Motion to Dismiss, the allegations pertaining to due process deprivations relate to the way the Title IX process was carried out, over which Dr. Norder had no say.

---

[1] Plaintiff failed to respond in her Motion to Dismiss as to Count X, the denial of equal protections rights.

Plaintiff further fails to respond to the specific issues which warrant dismissal of her state claims. Critically, with regard to the Elliott-Larsen Civil Rights Act (hereinafter referred to as "ELCRA"), Plaintiff has failed to allege an adverse employment action taken by Dr. Norder against her because of her sex. It is not enough to just plead some elements of a cause of action to survive a motion to dismiss. "[T]he 'complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008), *quoting Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005). By failing to plead an adverse action taken by Dr. Norder, Plaintiff's ELCRA claims must be dismissed.

With regard to her Persons with Disabilities Civil Rights Act (hereinafter referred to as "PDCRA"), Plaintiff responds that Dr. Norder is her employer. This is incorrect; Plaintiff is an employee of Michigan State University and, as she acknowledges, Dr. Norder was her supervisor. (PageID.139, ¶ 109). As noted in the Motion to Dismiss, as a matter of law, a PDCRA claim cannot be brought against a supervisor or against a person in their individual capacity. Furthermore, as with the ELCRA claims, Plaintiff fails to plead an adverse action taken by Dr. Norder.

## I. CONCLUSION

For the reasons stated in his Motion to Dismiss and in this Reply, this Court should GRANT his Motion to Dismiss Plaintiff's Amended Complaint in its entirety as applied to Dr. Norder.

Respectfully submitted,

NACHTLAW, P.C.

/s/ David A. Nacht
David A. Nacht (P47034)
Attorney for Defendant
101 North Main St., Suite 555

3

Ann Arbor, MI  48104  
(734) 663-7550  
dnacht@nachtlaw.com

Dated: June 28, 2022

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of W.D. Mich LCivR 7.2(b)(i), excluding the parts exempted by W.D. Mich. LCivR 7.2(b)(i), it contains 584 words. The word count was generated using Microsoft Word 2009.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by the Court's electronic filing system to all parties of record.

 /s/ Karina Alvarez  
Karina Alvarez, Litigation Paralegal

Dated: June 28, 2022