UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIE POITRA,

Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES; and QUENTIN
TYLER; in his official and individual
capacities,

Defendants.

Case No. 1:22-cv-47

Hon. Jane M. Beckering

## FED. R. CIV. P. 26(f) JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for April 25, 2023 at 2:30 p.m. via teleconference, before the Hon. Judge Jane M. Beckering. Appearing for the parties as counsel will be: Elizabeth Abdnour for Plaintiff and Scott Eldridge and/or Ashley Higginson for Defendants.

1. <u>Jurisdiction</u>: Jurisdiction is conferred upon this Court by the Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*.; and pursuant to the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 *et seq*., pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein, and 28 U.S.C. § 1343. Defendants do not dispute the

1

Court's jurisdiction over Plaintiff's federal claims, however, Defendants state that they do not waive their Eleventh Amendment immunity nor any other immunity defenses.

2. <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

<u>Plaintiff's Statement</u>: Plaintiff brings claims against Defendants for violations of Title IX, Title VII, and the ADA. Plaintiff is a former employee of MSU. Plaintiff experienced years of discrimination and retaliation based on her sex and her disability from her first supervisor at MSU. She went through a protracted internal investigation through MSU's Office of Institutional Equity, which led to further discrimination and retaliation by both her first and second supervisors. The MSU Defendants were on notice of this ongoing discrimination and retaliation and failed to take appropriate measures to protect Plaintiff from further harm and remedy the harms to which she had been exposed. As a result, Plaintiff was forced to leave her employment at MSU.

<u>Defendant's Statement</u>: Defendants deny any alleged violations of law as alleged in the complaint. Plaintiff's lawsuit appears to take issue with the length of her OIE investigation, despite not identifying any right of hers to have been violated in that regard. Challenging the length of an OIE investigation is not a viable legal claim; she was provided immediate interim support measures for the pendency of the investigatory process, culminating in an evidentiary hearing. Those interim measures included removal of her supervisor from his role and promotion of Plaintiff into the Interim Director position. Plaintiff did not

2

experience additional harassment after initiation of the investigation. Accordingly, her Title IX claims of deliberate indifference and retaliation fail.

5. Plaintiff additionally alleges that she has been discriminated against and retaliated against in her employment based on sex and/or disability. Yet, Plaintiff received nothing but promotions throughout her time at MSU and she cannot point to any materially adverse action that she has endured. Nor can she point to any similarly situated Interim Director who has been treated differently than her in any respect. Nor is Plaintiff able to point to facts that would establish a causal connection between her alleged protected activities and the alleged adverse actions.  Plaintiff's claims, therefore, fail as a matter of fact and law. Prospects of Settlement: Settlement negotiations have not yet begun.

6. Pendent State Claims: This case does not include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by June 15, 2023.

8. Disclosures and Exchanges:
    a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: May 25, 2023.
    b. The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by August 18, 2023. Defendant expects to be able to furnish the names of defendant's expert witness(es) by September 15, 2023.

3

    c.  It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

Plaintiff's expert reports: <u>September 15, 2023.</u>

Defendant's expert reports: <u>October 13, 2023</u>.

Rebuttal expert disclosures: <u>October 27, 2023</u>.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by <u>November 17, 2023</u>, with the deadline for pretrial disclosures and any exhibits to be determined once trial is set. The parties recommend the following discovery plan:

    a.  *Subjects on which discovery may be needed*: The parties anticipate conducting discovery on all allegations in Plaintiff's Complaint and all affirmative defenses set forth in Defendants' Answer; these topics include but are not limited to: Plaintiff's employment history and work performance, whether Defendants' actions at any time were motivated by any unlawful discriminatory or retaliatory purpose, Plaintiff's damages, and whether Plaintiff failed to mitigate those damages.

    b.  *Phasing or limiting discovery*: The parties do not believe that discovery should be conducted in any phases, nor do they believe that discovery should be limited to any particular issues, other than that discovery should be limited to Plaintiff's remaining claims after the Court's Order concerning Defendant's motion to dismiss.

    c.  *Changes to be made to the limitations on discovery*: The parties do not believe that any changes should be made to the limitations imposed on discovery by the Federal Rules of Civil Procedure or the local rules of the Western District of Michigan. .

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

4

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to discuss the potential need for a stipulated protective order covering claims of privilege or work-product and the process where any such information is produced inadvertently in this litigation. The parties agree that the recipient of such inadvertently protected information will not use the information, in any way, in the prosecution or defense of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

- Plaintiff: Daubert motions, motions in limine, motion for summary judgment

- Defendants: Motion for summary judgment, Daubert motions (as required), and motions in limine (as required).

The parties anticipate that all dispositive motions will be filed by <u>January 13, 2024</u>.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. To make alternative dispute resolution most effective, Defendants prefer to first conduct Plaintiff's deposition and obtain Plaintiff's responses to any written discovery. The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation and/or settlement conference in front of the magistrate judge.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 10 days total, allocated as follows: <u>5</u> days for plaintiff's case, 5 days for defendants' case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other</u>: The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests

6

for Production of Documents, Requests for Admissions and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. Copies of emails to Defendants should be simultaneously sent to Scott Eldridge at eldridge@millercanfield.com, Ashley Higginson at higginson@millercanfield.com, and Jessica McLaughlin-McNatt at mcnatt@millercanfield.com. The parties agree that discovery may be signed by e-signature rather than by hand.

Respectfully submitted,

*s/ Elizabeth Abdnour (with permission)*
Elizabeth Abdnour (P78203)
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw St., Suite 4A-2
Lansing, Michigan 48915
(517) 292-0067
elizabeth@abdnour.com


By: *s/ Scott R. Eldridge*

MILLER CANFIELD, PLC
Attorneys for Defendant
Scott R. Eldridge (P66452)
One Michigan Ave. Suite 900
Lansing, MI 48933
(517) 483-4918
eldridge@millercanfield.com

7